"HENRY HOOPER. (Seal.) "Test: GRIFFIN GUNN."
The plaintiff's counsel insisted that the proper construction and legal effect of the deed of gift and endorsement was to convey the slaves to the son with a reservation of a life estate to the mother, the donor, and that this reservation of a life estate gave her the entire interest. On (288) the contrary it was contended by the defendant's counsel that the deed of gift passed the slaves to the son, and the writing on the back of it did not amount to a reconveyance of a life estate by which the operation of the deed would be entirely defeated; but was merely a covenant or declaration of an use, or power of disposition, without passing any legal interest or estate. His Honor, in charging the jury, sustained the view taken by the defendant's counsel, and a verdict being rendered in favor of the defendant the plaintiff appealed.
We entirely approve of the opinion given by his Honor upon the legal construction of the deed from Susanna to Henry Hooper. Admit, as the plaintiff's counsel insist, that the endorsement, being cotemporaneous with the deed, should be regarded as a part thereof, it by no means follows that the meaning of what is declared by the endorsement would be thereby changed. This endorsement speaks the language of the donee, and is a declaration or stipulation on his part in relation to the precedent subject matter. The legal limitation of the gift is the language of the donor, who had the sole right to prescribe the extent and modifications of her donation. This limitation is immediate and absolute — and therefore passes directly the entire property from the donor to the donee. The subsequent declaration or stipulation on the part of the donee is an engagement that during the life of the donor she shall have the disposal, that is, the enjoyment, of the thing which has been transferred to him. Atlaw it can be regarded but as an executory covenant, for the breach whereof he would be answerable in damages. In equity, the donor would probably be regarded as taking an interest for life — but however this might be, it could not affect the legal operation of the instrument. The judgment below is affirmed.
PER CURIAM. Judgment affirmed. *Page 229 
(289)